McCurn, J.
(dissenting). The parties agreed to be bound by either the arbitration laws of the State of New York or the arbitration laws of the State of Ohio at the election of the party instituting the arbitration proceedings. Since both statutes require personal service of process, personal service would seem to be implicit in the terms of the agreement, in the absence of any express provision to the contrary. Neither State provides that jurisdiction may be acquired by service of notice by mail, and jurisdiction cannot be acquired in that manner unless the parties have so agreed in their contract.' The parties have not so agreed, nor did they intend to so agree.
Neither does the contract specify the place where the arbitration is to be held. It is claimed, however, that the place of arbitration may be implied and thus serve as a basis for the further implication of submission to the jurisdiction. It is said that such meaning should be read into the contract in order to make it fair and enforcible. However, considering the principal subject matter of the contract and the nature of any prospective claims thereunder subject to future arbitration at the time it was executed, such implication is not necessary to render the contract fair and enforcible and seems wholly unjustified. Both parties to the contract are owners of patents on power pressing machines and engaged in the manufacture and sale of them. Each party has licensed the other to utilize certain of its patents. Each agrees to pay to the other royalties on the machines manufac *633 tured and sold by it under such license. It is provided that each will furnish to the other periodical statements of the machines manufactured and sold by it and will make payment of the royalties accruing thereon at stated intervals. The present arbitration proceeding arises out of a claim on the part of American that Prosperity manufactured and sold certain machines covered by American’s patents for which Prosperity did not account or pay the royalties due to American. It may be presumed that the records and other evidence necessary for Doth the prosecution and defense of American’s claim against Prosperity are at the place where Prosperity manufactured and sold machines, viz.: State of New York. On the other hand, if Prosperity were to initiate an arbitration proceeding to recover royalties from American, it could likewise institute that proceeding where American’s books and records are kept, and where the transactions occurred. Personal service of process issuing from the courts of the State of New York, could be obtained on both Prosperity and American, and personal service of process issuing out of the courts of the State of Ohio, could be obtained on American. Thus there are no difficulties to hinder or prevent carrying out the object and terms of the contract as written. The rights of both parties are capable of enforcement in a practical manner under the contract as written. We see no reason to imply an agreement on the part of either party to waive so important a requirement as the legal service of process which may lead to a judgment in personam as the culmination of an ex parte arbitration. It is more reasonable to assume that if either party intended to agree to submit itself in advance to the jurisdiction of the courts of a foreign State, such agreement would not have been left to conjecture but would have been clearly expressed in the written contract.
The decision being made appears to rest largely on the statements made in the opinion in Gilbert v. Burnstine (255 N. Y. 348). In that case, the court was passing merely upon the sufficiency of the complaint. The complaint alleged that the arbitration agreement provided for arbitration at London 11 pursuant to the Arbitration Law of Great Britain ”. The issue in the Gilbert v. Burnstine case was whether Burnstine had agreed in advance to be bound by the English Arbitration Law which provided for extraterritorial service of process. The court held that he had so agreed, but left for determination upon the trial, the question of whether he had been actually served according to the terms of the English statute and thus subjected to its jurisdiction. The contract in the case under consideration is *634 silent as to the place of arbitration and the Ohio statute, unlike the English statute, provides no method by which the Court of Common Pleas may acquire jurisdiction by extraterritorial service. The opinion in Gilbert v. Burnstine (supra), as we understand it, goes no further than to hold that the arbitration agreement may constitute a consent that jurisdiction be obtained in the manner provided by the statute of the State pursuant to which the arbitration is to be had. (Sec, also, Finsilver, Still & Moss v. Goldberg, M. & Co., 253 N. Y. 382, 387.) The New York statute, section 1450 of the Civil Practice Act, since 1944 (L. 1944, ch. 423), provides: “ The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission.” There is no similar provision in the Ohio statute. Neither does the Ohio law provide any method by which the Court of Common Pleas may acquire personal jurisdiction of a nonresident by extraterritorial service of process. It follows.that the Ohio court has not acquired jurisdiction of Prosperity in this arbitration proceeding.
The appellant here raises no question as to the propriety of the judgment appealed from in the event that the Ohio court is found to be without jurisdiction. We, therefore, dissent and vote for affirmance of the judgment.
All concur with Harris, J., except McCurn and Larkin, JJ., who dissent and vote for affirmance in an opinion by McCurn, J. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, ,TJ.
Judgment reversed on the law, with costs, injunctions vacated, and complaint dismissed, with costs. The findings of fact have been examined and are affirmed with the exception of 9 and 11 which are disapproved and reversed.